1  ERVIN COHEN & JESSUP LLP
2      Randall S. Leff (Bar No. 77148)
        rleff@ecjlaw.com
3  9401 Wilshire Boulevard, Ninth Floor
   Beverly Hills, California 90212-2974
4  Telephone:  (310) 273-6333
   Facsimile:  (310) 859-2325

5  LATHAM & WATKINS LLP
6      David J. Schindler (Bar No. 130490)
        david.schindler@lw.com
7      R. Peter Durning, Jr. (Bar No. 277968)
        peter.durning@lw.com
8  355 South Grand Avenue, Suite 100
   Los Angeles, California 90071-1560
9  Telephone:  (213) 485-1234
   Facsimile:  (213) 891-8763

10  LATHAM & WATKINS LLP
11     Kyle R. Jefcoat (*pro hac vice*)
        kyle.jefcoat@lw.com
12  555 Eleventh Street, NW, Suite 1000
    Washington, D.C. 20004-1304
13  Telephone:  (202) 637-2200
    Facsimile:  (202) 637-2201

14
15  Attorneys for Plaintiff
    KST Data, Inc.

16
                UNITED STATES DISTRICT COURT
17
                CENTRAL DISTRICT OF CALIFORNIA
18

19  | KST DATA, INC., | CASE NO. 2:17-CV-5125-MWF-PJW |
20  | a California corporation, | |
    | | The Hon. Michael W. Fitzgerald |
21  | Plaintiff, | |
    | | **JOINT RULE 26(f) REPORT** |
22  | v. | |
    | | Date:  September 18, 2017 |
23  | NORTHROP GRUMMAN SYSTEMS | Time:  11:00 a.m. |
    | CORPORATION, a Delaware | Place:  Courtroom 5A |
24  | corporation, and DOES 1 through 25, | First Street Courthouse |
    | inclusive, | 350 West First Street |
25  | | Los Angeles, California 90012 |
    | Defendants. | |
26  | | Trial Date: None |
    | | Complaint Filed: June 14, 2017 |
27

28

Pursuant to Rule 26(f) of the Federal Rules of Civil Procedure (the "**Rules**"), Local Rule 26-1, and this Court's Order Setting Scheduling Conference entered July 14, 2017 (dkt #7), Plaintiff KST Data, Inc. ("**Plaintiff**" or "**KST**") and Defendant Northrop Grumman Systems Corporation ("**Defendant**" or "**Northrop Grumman**") submit the following Joint Report:

# I.   JOINT RULE 26(f) REPORT

The list of issues below follows the order set by the July 14, 2017 Order Setting Scheduling Conference. *See* dkt #7 at 6:6-7.

### A.   Statement of the Case

#### 1.   Joint Statement on Background of the Case

KST is a California corporation primarily engaged in the business of providing information technology equipment, typically by ordering and holding customer-specific inventory so that it can be delivered to customers in a matter of days rather than the weeks that would otherwise be required.  Northrop Grumman is a Delaware corporation that designs, develops, and manufactures defense electronics and systems such as radar systems, surveillance systems, communications systems, precision weapons, and sensors.  In August 2010, KST and Northrop Grumman executed a contract titled "**Corporate Award #3263**."

Plaintiff and Defendant each have set forth their respective Statements of the Case below (subsections (A)(2) and (A)(3)).  In filing this Joint Report, neither party makes any admission regarding the content of the other party's Statement of the Case.

#### 2.   Plaintiff KST's Statement of the Case

KST contends that Northrop Grumman breached Corporate Award #3263. Specifically, KST contends that Northrop Grumman violated Section 3.1 by failing to provide updated forecasts of its purchasing needs, violated Section 4.6 by failing to negotiate a substantial decrease in purchasing volume in good faith, and violated Sections 3.1 and 6.4 by failing to pay for forecasted inventory after termination.

1  KST also contends that Northrop Grumman breached its duty of good faith and fair
2  dealing by failing to order forecasted equipment, failing to advise KST of projected
3  future purchasing requirements, and failing to advise KST that Northrop Grumman
4  had decided to terminate Corporate Award #3263 for convenience.  KST contends
5  that its damages in connection with the foregoing claims are no less than
6  $5,000,000.

7         **3.      Defendant Northrop Grumman's Statement of the Case**

8         As stated in its memoranda in support of its Motion to Dismiss, Northrop
9  Grumman entered into Corporate Award #3263 with KST for the purchase of
10  computer equipment.  Under that contract, Northrop Grumman provided KST with
11  written forecasts of its anticipated needs.  Northrop Grumman had no obligation,
12  however to place orders against these forecasts, or to place orders for any
13  minimum quantities or value.  During the term of the contract, KST was suspended
14  from contracting with the federal government and was the subject of a federal
15  criminal investigation.   Northrop Grumman paused placing orders with KST
16  pending the outcome of the investigation; during the pendency of the investigation,
17  the contract expired.   Northrop Grumman acted in good faith and within its
18  contractual rights in declining to place orders pending the outcome of the
19  investigation.

20         **4.      Joint Statement on Current Status of the Case**

21         On August 29, 2017, the Court denied Northrop Grumman's motion to
22  dismiss the foregoing claims, but granted Northrop Grumman's motion to dismiss
23  KST's third claim (for promissory estoppel) with leave to amend.  *See* dkt #24.
24  KST is currently assessing whether to amend its Complaint by the Court's
25  September 11, 2017 deadline. *Id.*

26         Northrop Grumman's deadline to answer the Complaint (or otherwise
27  respond to a First Amended Complaint) is September 25, 2017.   Presently,
28

JOINT RULE 26(f) REPORT
*KST v. NORTHROP GRUMMAN*

1   Northrop Grumman does not anticipate filing a counterclaim, but will present the

2   affirmative defenses of unclean hands and failure to mitigate damages, potentially

3   among others.

4   **B.   Subject Matter Jurisdiction**

5   This Court has subject matter jurisdiction on diversity grounds.  *See* dkt #1

6   (Notice of Removal); 28 U.S.C. § 1332.

7   **C.   Key Legal Issues**

8   KST identifies the following key legal issues, which relate to the substance

9   of its claims.  KST does not currently anticipate that this case will involve unusual

10   legal issues of a procedural or evidentiary nature.

11   i.   Whether Northrop Grumman terminated Corporate Award #3263 for

12   convenience through written correspondence on June 6, 2016 and July

13   28, 2016.

14   ii.   Whether Northrop Grumman constructively terminated Corporate

15   Award #3263 for convenience through its conduct from October 1,

16   2015 – July 28, 2016.

17   iii.   Whether Northrop Grumman breached Corporate Award #3263 by

18   failing to pay amounts owed to KST as a consequence of its

19   termination for convenience.

20   iv.   Whether Northrop Grumman failed to work with KST in good faith

21   for over six months when Northrop Grumman repeatedly indicated

22   that it planned to resume purchasing based on its September 2015

23   forecast.

24   v.   In the event KST files a First Amended Complaint, whether KST has

25   adequately pleaded a claim for promissory estoppel.

26

27

28

JOINT RULE 26(f) REPORT
*KST v. NORTHROP GRUMMAN*

1       Northrop Grumman identifies the following substantive key legal issues that

2 remain in the case following the Court's ruling on Northrop Grumman's Motion to

3 Dismiss:

4         i.    Whether Northrop Grumman breached the contract;

5         ii.   Whether Northrop Grumman breached its duty of good faith and fair

6            dealing; and

7         iii.  Even if Northrop Grumman did breach the contract or the duty of

8            good faith and fair dealing, whether KST failed to mitigate damages

9            or acted with unclean hands.

10 The memoranda filed by Northrop Grumman in support of its Motion to Dismiss

11 discuss in detail the reasons for which Northrop Grumman contends that it did not

12 breach either the contract or the duty of good faith and fair dealing, and Northrop

13 Grumman incorporates by reference those memoranda. *See* Dkt. 10-1

14 (Memorandum in Support of MTD) and Dkt. 21 (Reply Memorandum).

15       Presently, Northrop Grumman does not believe that the case presents key

16 procedural or evidentiary legal issues.

17       **D.**    **Parties, Evidence, Etc.**

18       KST and Northrop Grumman are the only parties to this action, and they do

19 not currently anticipate joinder of any additional parties.

20       The percipient witnesses are likely to be current or former employees,

21 officers, and/or managers of KST and Northrop Grumman.  Such individuals may

22 include:

23         i.    Michael Head of Northrop Grumman (signatory to Corporate Award

24            #3263);

25         ii.   Mark Edson of KST (signatory to Corporate Award #3263);

26         iii.  J. L. Ferguson of Northrop Grumman (signatory to Amendment

27            Number 22 to Corporate Award #3263);

28

JOINT RULE 26(f) REPORT
*KST v. NORTHROP GRUMMAN*

iv.     Armando Tan of KST (signatory to Amendment Number 22 to Corporate Award #3263);

v.     Kenneth R. Brown of Northrop Grumman (signatory to Northrop Grumman's June 6, 2016 letter to KST);

Employees, officers, and/or managers of the parties' corporate affiliates (such as Northrop Grumman's parent company, Northrop Grumman Corporation) may be percipient witnesses as well. *See* dkt # 17 (KST's Certification of Interested Parties).

For conflicts purposes, as noted above, Northrop Grumman's parent corporation is Northrop Grumman Corporation and Northrop Grumman has no affiliates and no publically-traded subsidiaries.

**E.    Damages**

KST seeks an estimated $5,000,000 in damages (exclusive of interest and costs) for inventory procured for Northrop Grumman pursuant to the parties' dealings under Corporate Award #3263.

Northrop Grumman maintains that KST is not entitled to any damages, as Northrop Grumman did not breach the contract or the duty of good faith and fair dealing. In addition, Northrop Grumman maintains that even if Northrop Grumman had breached either the contract or the duty of good faith and fair dealing, KST failed to mitigate damages and had unclean hands. Therefore, Northrop Grumman maintains that KST is not entitled to the damages it seeks.

**F.    Insurance**

Northrop Grumman states that there are no insurance policies covering this matter.

**G.    Motions**

The parties do not anticipate filing motions seeking to add other parties or claims, file amended pleadings, or transfer venue.

JOINT RULE 26(f) REPORT
*KST v. NORTHROP GRUMMAN*

1    KST is currently assessing whether to amend its Complaint by the Court's
2  September 11, 2017 deadline, for which leave of court has been granted and no
3  motion is required.

4    The parties anticipate that discovery motions may potentially be filed, but
5  will follow all required procedures and will meet and confer in good faith in an
6  effort to resolve all discovery issues without motion practice.

7    The parties have discussed and are both interested in reaching a stipulation
8  to a protective order.

9    Subsection M below addresses dispositive motions.

10    **H.    Manual for Complex Litigation**

11    The parties have reviewed the Manual for Complex Litigation and do not
12  currently believe there is a need to utilize its provisions.

13    **I.    Status of Discovery**

14    As of the date of this Joint Report, neither party has propounded written
15  discovery, noticed depositions, or taken any other discovery.

16    Pursuant to Rule 26(f)(2), the parties have conferred regarding the
17  preservation of discovery information.

18    **J.    Discovery Plan**

19        **1.    Issues Required To Be Discussed By Rule 26(f)(3)**

20            **a.    Changes To Rule 26(a)'s Terms Of Disclosure**

21    The Parties agree that no changes should be made to the form or requirement
22  for disclosures under Rule 26(a)(1), except the deadline for initial disclosures
23  should be extended from October 2, 2017 to October 31, 2017 so that the parties
24  may have adequate time to consider any additional issues posed by Northrop
25  Grumman's Answer to the Complaint (due September 25, 2017).

26

27

28

1

### b.     Subjects, Timing, And Phasing Of Discovery

2       Exhibit A, and Subsections K and L below, address the parties' positions on

3  the timing of discovery and the parties' proposed discovery deadlines.

4       The parties do not currently believe that phasing of discovery is necessary or

5  appropriate in this case.

6       Regarding the subjects of discovery, KST intends to begin propounding

7  written discovery (requests for production, interrogatories, and/or requests for

8  admission) in the next 30 days.  KST anticipates that discovery will address the

9  following non-exhaustive list of issues.

10       • The parties' course of performance and course of dealing in relation to

11          the forecasting of inventory and placement of equipment orders;

12       • Northrop Grumman's provision of inventory forecasts (and forecast

13          updates) to KST pursuant to Corporate Award #3263.

14       • Northrop Grumman's decision not to place orders with KST to fulfill

15          the inventory needs forecasted to KST in September 2015.

16       • Northrop   Grumman's   internal   processes,   guidelines,   and/or

17          procedures for determining whether to continue or cease doing

18          business with an equipment supplier such as KST.

19       • The means by which Northrop Grumman actually fulfilled the

20          inventory needs forecasted to KST in September 2015.

21       • KST anticipates that discovery into additional issues may be required

22          after Northrop answers the Complaint on September 25, 2017.

23  Following the development of the record on the foregoing issues through written

24  discovery, KST anticipates taking depositions of individuals who are

25  knowledgeable on the subjects listed above (which may include some of the

26  individuals or categories of individuals referenced in Subsection D above).

27

28

*JOINT RULE 26(f) REPORT*
*KST v. NORTHROP GRUMMAN*

Northrop Grumman plans to propound requests for production, interrogatories, and/or requests for admission in the next 30 days on the various subjects related to this case, including but not limited to the following topics:

- KST's understanding of its rights and obligations under Corporate Award #3263;
- KST's business processes as a reseller/supplier of computer equipment to Northrop Grumman under Corporate Award #3263;
- KST's contact with Northrop Grumman about its suspension by NASA;
- KST's representations to Northrop Grumman concerning its suspension and being under criminal investigation and/or omissions related thereto;
- KST's actions in response to Northrop Grumman's pause of doing business with KST;
- KST's internal deliberations and efforts to mitigate its damages, including its contracts with Hewlett-Packard.

Upon completion of written discovery, Northrop Grumman intends to depose relevant individuals with knowledge of the foregoing factual issues.

### c.    ESI And Form Of Production

The parties intend to reach an agreement before the September 18, 2017 Conference on ESI and the form of its production.

### d.    Procedure On Claims Of Privilege

The parties intend to follow the applicable rules regarding claims of privilege (including Federal Rule of Evidence 502) and presently do not anticipate any particular issues regarding the same.

### e.     Changes To Discovery Limitations

The parties do not currently believe that changes to the limitations imposed under the Rules or the Local Rules are necessary, nor are additional limitations necessary.

### f.     Other Orders Under Rule 26(c) Or Rule 16(b) And (c)

The parties intend to file a stipulation and lodge a proposed protective order for entry by the Court before the September 18, 2017 Conference and in no event more than seven days after that Conference.

The parties do not currently believe that additional orders under Rules 26(c) or 16(b) or (c) are necessary, except that the time for the Court to issue the scheduling order should be extended for a reasonable period after September 10, 2017 (which is 60 days from the date on which Northrop Grumman first appeared). *See* Rule 16(b)(2).   Good cause exists for such an extension in light of the procedural history of this case, which includes a notice of removal (dkt #1), the appearance of additional counsel for KST (dkt #14-16), and proceedings on a motion to dismiss (*e.g.*, dkt #24).

### 2.     Issues Required To Be Discussed By Local Rule 26-1

The matters required to be discussed by Local Rule 26-1 are addressed in this Joint Report as follows:

- Complex Cases – see Subsection H.
- Motion Schedule – see Subsections G and M.
- ADR – see Subsection N.
- Trial Estimate – see Subsection O.
- Additional Parties – see Subsection D.
- Expert Witnesses – see Subsection L.

### K.     Discovery Cut-Off

KST proposes a non-expert discovery cut-off of August 6, 2018 (*i.e.*, the date by which non-expert discovery will be completed, including resolution of all discovery motions).

Northrop Grumman proposes a non-expert discovery cut-off of October 22, 2018 (*i.e.*, the date by which non-expert discovery will be completed, including resolution of all discovery motions).

### L.     Expert Discovery

KST proposes the following schedule for expert discovery:

- August 20, 2018: Initial Expert Disclosures
- October 22, 2018: Rebuttal Expert Disclosures
- November 19, 2018: Expert Discovery Cut-Off

Northrop Grumman proposes the following schedule for expert discovery:

- November 19, 2018: Initial Expert Disclosures
- January 7, 2019: Rebuttal Expert Disclosures
- February 11, 2019: Expert Discovery Cut-Off

### M.     Dispositive Motions

KST does not currently anticipate filing any dispositive motion, but after Northrop Grumman answers the Complaint (or, as the case may be, First Amended Complaint), KST may seek summary adjudication on one or more of the affirmative defenses.  KST proposes a cut-off date of December 17, 2018, by which all dispositive motions shall be heard.

Northrop Grumman believes that the remaining claims will be suitably resolved through a motion for summary judgment following the close of discovery. Northrop Grumman proposes a cut-off date of May 6, 2019 by which all dispositive motions shall be heard.

**N.    Settlement / ADR**

The parties have not engaged in substantive settlement discussions.

KST is willing to engage in settlement or ADR procedures that have a reasonable chance of leading to an effective and fair resolution of this case – whether through mediation or a settlement conference through the assigned magistrate judge.  Pursuant to Local Rules 26-1(c) and 16-15.4, KST selects ADR Procedure No. 1 (settlement conference before the district judge or magistrate judge) as the best-suited ADR procedure for the circumstances of this case.

Although Northrop Grumman believes mediation is premature at this stage of the litigation, at the appropriate time, Northrop Grumman would prefer private mediation.

**O.    Trial Estimate**

The parties do not seek a trial by jury, and estimate a trial duration of 3-5 days.

**P.    Trial Counsel**

For KST: Randall S. Leff will serve as lead trial counsel.

For Northrop Grumman: Bruce V. Spiva and Andrew E. Shipley.

**Q.    Independent Expert or Master**

The parties do not believe there is a need in this case for the Court to appoint an independent expert or master pursuant to Rule 53.

**R.    Timetable**

The parties have appended the Court's Schedule of Pretrial and Trial Dates form and attached it to the end of this Joint Report as Exhibit A below.

**S.    Other Issues**

The parties do not anticipate other issues that require the Court's attention at this time, such as unusually complicated technical or technological issues, disputes over protective orders, extraordinarily voluminous document production, non-

JOINT RULE 26(f) REPORT
*KST v. NORTHROP GRUMMAN*

English speaking witnesses, ADA-related issues, discovery in foreign jurisdictions, or issues relating to severance, bifurcation, or ordering of proof.

JOINT RULE 26(f) REPORT
*KST v. NORTHROP GRUMMAN*

# EXHIBIT A

## SCHEDULE OF PRETRIAL AND TRIAL DATES WORKSHEET

| Case No. | 2:17-CV-5125-MWF-PJW |
|---|---|
| Case Name | KST Data, Inc. v. Northrop Grumman Systems Corporation |

| Matter | | Plaintiff(s)' Date mo / day / year | Defendant(s)' Date mo / day / year | Court Order |
|---|---|---|---|---|
| [  ] Jury Trial  *or*  [X] Court Trial **(Tuesday at 8:30 a.m.)** Duration Estimate: 3-5 Days | | April 2, 2019 (Tuesday) | August 13, 2019 (Tuesday) | |
| Final Pretrial Conference [LR 16] and Hearing on Motions In Limine (Monday at 11:00 a.m. – three (3) weeks before trial date) Motions In Limine must be filed three (3) weeks before this date; oppositions are due two (2) weeks before this date; no reply briefs. | | March 11, 2019 (Monday) | July 22, 2019 (Monday) | |

| Event | Weeks Before Trial | Plaintiff(s)' Date mo / day / year | Defendant(s)' Date mo / day / year | Court Order |
|---|---|---|---|---|
| Last Date to Hear Motion to Amend Pleadings / Add Parties | | April 2, 2018 (Monday) | August 13, 2018 (Monday) | |
| Non-Expert Discovery Cut-Off (at least 4 weeks before last date to hear motions) | 18 | August 6, 2018 (Monday) | October 22, 2018 (Monday) | |
| Expert Disclosure (Initial) | | August 20, 2018 (Monday) | November 19, 2018 (Monday) | |
| Expert Disclosure (Rebuttal) | | October 22, 2018 (Monday) | January 7, 2019 (Monday) | |
| Expert Discovery Cut-Off | 14 * | November 19, 2018 (Monday) | February 11, 2019 (Monday) | |
| Last Date to *Hear* Motions (**Monday at 10:00 a.m.**) | 14 | December 17, 2018 (Monday) | May 6, 2019 (Monday) | |
| Last Date to Conduct Settlement Conference | 12 | January 7, 2019 (Monday) | May 20, 2019 (Monday) | |
| For Jury Trial • File Memorandum of Contentions of Fact and Law, LR 16-4 • File Exhibit and Witness Lists, LR 16-5.6 • File Status Report Regarding Settlement • File Motions *In Limine* | 6 | N/A | N/A | |
| For Jury Trial • Lodge Pretrial Conference Order, LR 16-7 • File Agreed Set of Jury Instructions and Verdict Forms • File Statement Regarding Disputed Instructions, Verdicts, etc. • File Oppositions to Motions *In Limine* | 5 | N/A | N/A | |
| For Court Trial • Lodge Findings of Fact and Conclusions of Law, LR 52, and Summaries of Direct Testimony | 3 | March 11, 2019 (Monday) | July 22, 2019 (Monday) | |

* The parties may choose to cut off expert discovery prior to MSJ briefing.

ADR [LR 16-15] Selection:

☐ Attorney Settlement Officer Panel  ☐ Private Mediation  ☐ Magistrate Judge (with Court approval)

JOINT RULE 26(f) REPORT
*KST v. NORTHROP GRUMMAN*

1  Dated:  September 5, 2017                Respectfully submitted,

2  PERKINS COIE LLP                          ERVIN COHEN & JESSUP LLP
     Bruce V. Spiva                             Randall S. Leff
3    Andrew E. Shipley
     Andrew J. Victor                         LATHAM & WATKINS LLP
4    Alisha C. Burgin                           David J. Schindler
                                                Kyle R. Jefcoat
5                                               R. Peter Durning, Jr.

6  By  /s/ Bruce V. Spiva_____          By  /s/ R. Peter Durning, Jr._____
     Bruce V. Spiva                             R. Peter Durning, Jr.
7    Attorneys for Defendant                   Attorneys for Plaintiff
     Northrop Grumman                          KST Data, Inc.
8    Systems Corporation

9

10                          **ATTESTATION**

11         Pursuant to Local Rule 5-4.3.4(a)(2)(ii), I, R. Peter Durning, Jr., attest that

12  all other signatories listed, and on whose behalf this filing is submitted, concur in

13  this filing's content and have authorized such filing.

14                                       By  /s/ R. Peter Durning, Jr._____
15                                          R. Peter Durning, Jr.

16

17

18

19

20

21

22

23

24

25

26

27

28

JOINT RULE 26(f) REPORT
*KST v. NORTHROP GRUMMAN*