BRUCE V. SPIVA
(Cal. Bar No. 164032)
BSpiva@perkinscoie.com
ANDREW E. SHIPLEY
(admitted *pro hac vice*)
AShipley@perkinscoie.com
ANDREW J. VICTOR
(admitted *pro hac vice*)
AVictor@perkinscoie.com
**PERKINS COIE LLP**
700 13th Street, NW, Suite 600
Washington, DC 20005-3960
Telephone: 202.654.6200
Facsimile: 202.654.6211

ALISHA C. BURGIN
(Cal. Bar No. 286269)
ABurgin@perkinscoie.com
**PERKINS COIE LLP**
1888 Century Park E., Suite 1700
Los Angeles, CA 90067-1721
Telephone: 310.788.9900
Facsimile: 310.788.3399

Attorneys for Defendant
NORTHROP GRUMMAN SYSTEMS
CORPORATION

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| KST DATA, INC.,<br><br>         Plaintiff,<br><br>    v.<br><br>NORTHROP GRUMMAN SYSTEMS<br>CORPORATION and DOES 1 through<br>10,<br><br>        Defendants. | Case No. 2:17-cv-5125-MWF-PJW<br><br>**NORTHROP GRUMMAN<br>SYSTEMS CORPORATION'S<br>ANSWER TO THE FIRST<br>AMENDED COMPLAINT** |
| --- | --- |

1   Pursuant to the Court's Order granting the partial motion to dismiss filed by

2   Defendant Northrop Grumman Systems Corporation ("Northrop Grumman"), *see*

3   Dkt. 36, Northrop Grumman, by and through undersigned counsel, hereby answers

4   the First Amended Complaint ("FAC") of Plaintiff KST Data, Inc. ("KST") as

5   follows:

6   1.   Northrop Grumman admits that KST is the Plaintiff and that Northrop

7   Grumman is the Defendant in this action.

8   **NATURE OF THE ACTION**[1]

9   2.   Paragraph 2 of the FAC asserts legal conclusions to which no response

10   is required.  To the extent ¶2 contains factual allegations, Northrop Grumman

11   admits only that the FAC asserts a breach of contract action under Corporate Award

12   #3263 (the "Award") between Northrop Grumman and KST.  Northrop Grumman

13   denies any remaining allegations to which responses may be required.

14   **THE PARTIES**

15   3.   Northrop Grumman lacks knowledge or information sufficient to form

16   a belief as to the truth of the allegations of ¶3 of the FAC and therefore denies

17   them.

18   4.   Northrop Grumman admits the allegations in ¶4 of the FAC.

19   5.   Paragraph 5 of the FAC does not assert allegations to which a response

20   is required.  To the extent a response is deemed required, Northrop Grumman lacks

21   knowledge or information sufficient to form a belief as to the truth of the

22   allegations of ¶5 and therefore denies them.

23   **JURISDICTION AND VENUE**

24   6.   Paragraph 6 of the FAC asserts a legal conclusion to which no

25   response is required.  To the extent ¶6 contains factual allegations, Northrop

26   Grumman admits only that the FAC purports to state causes of action over which

27

28

---

[1] Although section headings in the FAC are not factual allegations that require a response, Northrop Grumman includes the section headings in substantially the same form as found in the FAC.

this Court has jurisdiction pursuant to 28 U.S.C. § 1332 and 28 U.S.C. § 1441(b).

7.     Paragraph 7 of the FAC asserts legal conclusions to which no response is required.  To the extent ¶7 contains factual allegations, Northrop Grumman admits only that it conducts business in California and that Section 35 of the Award speaks for itself.

8.     Paragraph 8 of the FAC asserts legal conclusions to which no response is required.

**ALLEGATIONS**

9.     Northrop Grumman admits that KST is a re-seller of computer equipment.  Northrop Grumman lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in ¶9 and therefore denies them.

10.    Northrop Grumman admits only that some of its affiliated business entities design, develop, and /or manufacture defense electronics and systems.

11.    Northrop Grumman admits that it generally relies on more than one vendor for the products and services it needs and denies that it currently purchases products and services from KST.  The remaining allegations in ¶11 of the FAC are too vague and ambiguous for Northrop Grumman to have sufficient knowledge or information to form a belief as to their truth, and therefore Northrop Grumman denies them.

12.    Northrop Grumman admits that, under the Award, KST provided various products to Northrop Grumman.

13.    Northrop Grumman denies the allegations of ¶13.

14.    Northrop Grumman denies the allegations of ¶14.

15.    Northrop Grumman denies the allegations of ¶15.

16.    Northrop Grumman admits that it provided nonbinding forecasts to KST pursuant to the Award.  Northrop Grumman lacks knowledge or information sufficient to form a belief as to the truth of any remaining allegations in ¶16 and therefore denies them.

17.     Northrop Grumman lacks knowledge or information sufficient to form a belief as to the truth of the allegations of ¶17 and therefore denies them.

18.     Northrop Grumman lacks knowledge or information sufficient to form a belief as to the truth of the allegations of ¶18 and therefore denies them.

19.     Northrop Grumman lacks knowledge or information sufficient to form a belief as to the truth of the allegations of ¶19 and therefore denies them.

20.     Northrop Grumman denies the allegations in ¶20.

21.     Northrop Grumman denies the allegations of ¶21.

22.     Northrop Grumman admits the allegations in ¶22.

23.     Northrop Grumman admits the allegations in ¶23.

24.     Paragraph 24 of the FAC asserts a legal conclusion to which no response is required.  To the extent ¶24 contains factual allegations, Northrop Grumman denies that Section 3.1 of the Award references "purchasing volume," "regular tracking" of "equipment requirements and delivery schedules."

25.     Paragraph 25 of the FAC asserts a legal conclusion to which no response is required.  Northrop Grumman further states that the Award speaks for itself.  Northrop Grumman denies the allegations in ¶25 to the extent they imply that Section 4.6 of the Award applied to the circumstances of this case.

26.     Northrop Grumman states that Section 6.4 of the Award, from which Plaintiff selectively quotes, speaks for itself.  Northrop Grumman denies the allegations in ¶26 to the extent they imply that the Award was terminated for convenience.

27.     Paragraph 27 of the FAC asserts legal conclusions to which no response is required.  Northrop Grumman further states that the Award speaks for itself.  To the extent a response is required, Northrop Grumman denies the allegations in ¶27 to the extent they imply that the Award did not specify the manner in which a termination for convenience was to be effected.

28.     Northrop Grumman admits that it provided KST nonbinding forecasts

1  as required by the Award.  Northrop Grumman lacks knowledge or information

2  sufficient to form a belief as to the truth of any remaining allegations of ¶28 and

3  therefore denies them.

4        29.    Northrop Grumman lacks knowledge or information sufficient to form

5  a belief as to the truth of the allegations of ¶29 and therefore denies them.

6        30.    Northrop Grumman lacks knowledge or information sufficient to form

7  a belief as to the truth of the allegations of ¶30 and therefore denies them.

8        31.    Northrop Grumman lacks knowledge or information sufficient to form

9  a belief as to the truth of the allegations of ¶31 and therefore denies them.

10        32.    Northrop Grumman lacks knowledge or information sufficient to form

11  a belief as to the truth of the allegations of ¶32 and therefore denies them.

12        33.    Northrop Grumman denies the allegations of ¶33.

13        34.    Paragraph 34 of the FAC asserts a legal conclusion to which no

14  response is required.  To the extent a response is required, Northrop Grumman

15  denies the allegations as incorrectly implying that the Award required Northrop

16  Grumman to place orders with KST.

17        35.     Paragraph 35 of the FAC asserts a legal conclusion to which no

18  response is required.  To the extent a response is required, Northrop Grumman

19  denies the allegations to the extent they imply that the Award required Northrop

20  Grumman to place orders with KST.

21        36.    Paragraph 36 of the FAC asserts a legal conclusion to which no

22  response is required.  To the extent a response is required, Northrop Grumman

23  denies the allegations to the extent they imply that the Award required Northrop

24  Grumman to place orders with KST.

25        37.    Northrop Grumman denies that it "repeatedly advised KST that [it]

26  would issue orders to KST when the suspension was lifted."  Northrop Grumman

27  lacks knowledge or information sufficient to form a belief as to the truth of any

28  remaining allegations of ¶37 and therefore denies them.

38.     Northrop Grumman denies that it "continued to indicate to KST that orders would be coming soon." Northrop Grumman lacks knowledge or information sufficient to form a belief as to the truth of any remaining allegations of ¶38 and therefore denies them.

39.     Northrop Grumman admits that it paused placing orders with KST pending the outcome of the federal criminal investigation into KST, and lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of ¶39 and therefore denies them.

40.     Northrop Grumman lacks knowledge or information sufficient to form a belief as to the truth of the allegations of ¶40 and therefore denies them.

41.     Northrop Grumman admits only that KST sent a letter dated April 20, 2016 and further states that the letter speaks for itself.

42.     Paragraph 42 of the FAC asserts legal conclusions to which no response is required. To the extent ¶42 requires a response, Northrop Grumman admits only that it paused placing orders with KST pending the outcome of the ongoing criminal federal investigation, and denies the remaining allegations.

43.     Northrop Grumman admits only that it sent a letter to KST dated June 6, 2016 and states that the letter speaks for itself.

44.     Paragraph 44 of the FAC asserts a legal conclusion to which no response is required. To the extent ¶44 contains factual allegations, Northrop Grumman admits that KST sent a letter dated June 8, 2016 letter, and states that the letter speaks for itself.

45.     Northrop Grumman admits only that it sent a letter to KST dated July 28, 2016 and further states that the letter speaks for itself.

46.     The allegations in ¶46 are unintelligible. Therefore, Northrop Grumman lacks knowledge or information sufficient to form a belief as to the truth of the allegations and denies them.

47.     Paragraph 47 of the FAC asserts legal conclusions to which no

response is required.  To the extent ¶47 requires a response, Northrop Grumman lacks knowledge or information sufficient to form a belief as to the truth of the allegations concerning KST's holding of units, and denies the remaining allegations in this paragraph.

48.     Northrop Grumman admits that KST hired Mr. Thomas Shelman, a former Northrop Grumman employee and officer, to serve as its representative in speaking with Northrop Grumman.  Northrop Grumman lacks knowledge or information sufficient to form a belief as to the truth of any remaining allegations of ¶48 and therefore denies them.

49.     Northrop Grumman denies the allegation in ¶49 that it owes KST any amount, let alone an amount in excess of $5 million.

50.     Northrop Grumman denies the allegation in ¶50 that it owed KST any money.  The remaining allegations in this paragraph 50 of the FAC assert a legal conclusion to which no response is required.

**FIRST CAUSE OF ACTION**

**BREACH OF CONTRACT**

51.     Northrop Grumman incorporates by reference its responses to ¶¶1-50 of the FAC herein.

52.     Paragraph 52 asserts a legal conclusion to which no response is required.

53.     Paragraph 53 of the FAC asserts legal conclusions to which no response is required.

54.     Northrop Grumman denies the allegations in ¶54.

55.     Northrop Grumman denies the allegations in ¶55.

**SECOND CAUSE OF ACTION**

**BREACH OF GOOD FAITH AND FAIR DEALING**

56.     Northrop Grumman incorporates by reference its responses to ¶¶1-55 of the FAC herein.

57. Northrop Grumman denies the allegations in ¶57.

58. Northrop Grumman denies the allegations in ¶58.

59. Northrop Grumman denies the allegations in ¶59.

60. Northrop Grumman denies the allegations in ¶60.[2]

**PRAYER FOR RELIEF**

Northrop Grumman denies that KST is entitled to any relief.

**AFFIRMATIVE DEFENSES**

Northrop Grumman asserts the following affirmative defenses.  Northrop Grumman reserves the right to assert any additional defenses to KST's claims as they become known during the course of this litigation.

**First Affirmative Defense**

KST's claims are barred, in whole or in part, by the doctrine of estoppel.

**Second Affirmative Defense**

KST's claims are barred, in whole or in part, by the doctrine of laches.

**Third Affirmative Defense**

KST's claim for breach of contract is barred, in whole or in part, by the doctrine of waiver.

**Fourth Affirmative Defense**

KST's claim for breach of good faith and fair dealing is barred, in whole or in part, by the doctrine of waiver.

**Fifth Affirmative Defense**

KST's claims are barred, in whole or in part, by its unclean hands.

**Sixth Affirmative Defense**

KST's claims are barred, in whole or in part, because any actions allegedly committed by Northrop Grumman were justified.

**Seventh Affirmative Defense**

---

[2] As KST's third cause of action for promissory estoppel has been dismissed without leave to amend, Northrop Grumman does not provide a response to ¶¶61-64 of the FAC.

8

1    KST failed to mitigate or minimize its damages.

2                    **Eighth Affirmative Defense**

3          Northrop Grumman hereby reserves its right to assert additional affirmative

4    defenses as appropriate and as revealed through discovery.

5                    **Ninth Affirmative Defense**

6          KST has failed to state a claim upon which relief can be granted.

7              **RELIEF REQUESTED BY NORTHROP GRUMMAN**

8          WHEREFORE, Northrop Grumman prays that the Court enter judgment

9    against KST and in favor of Northrop Grumman as follows:

10         A.  Dismiss the FAC with prejudice;

11         B.  Deny all remedies and relief that KST seeks in the FAC;

12         C.  Award Northrop Grumman its costs in this action;

13         D.  Award Northrop Grumman its reasonable attorneys' fees to the extent

14   permitted by law; and

15         E.  Award Northrop Grumman such other and further relief as this Court may

16   deem just and proper.

17

18

19   DATED: December 4, 2017         **PERKINS COIE LLP**

20

21                                  By: */s/ Bruce V. Spiva*
                                    _____
22                                  Bruce V. Spiva, Bar No. 164032
                                    BSpiva@perkinscoie.com

23                                  Attorneys for Defendant
                                    NORTHROP GRUMMAN SYSTEMS
24                                  CORPORATION

25

26

27

28