1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| KST Data, Inc.,<br><br>Plaintiff,<br><br>v.<br><br>Northrop Grumman Systems Corp. and DOES 1 through 25,<br><br>Defendants. | CASE NO. **2:17-cv-05125-MFW-PJW**<br><br>**STIPULATED "CLAWBACK" AGREEMENT AND PRESUMPTIVELY PRIVILEGED PROTOCOL ORDER** |

Pursuant to Federal Rule of Civil Procedure 26(b)(5)(D), Federal Rules of Evidence 502(d) and (e), and Paragraph XI of the Stipulated Protective Order filed on September 26, 2017 (Dkt. No. 32) Plaintiff KST Data, Inc. and Defendant Northrop Grumman Systems Corp. (individually, a "Party" and collectively, the "Parties") hereby stipulate and agree to this Stipulated "Clawback" Agreement And Presumptively Privileged Protocol Order which protects certain privileged and otherwise protected documents and electronically stored information (collectively, "document" or "documents") against claims of waiver where, as here, they are

produced over objections, during the course of this litigation, pursuant to a court order, the Parties' discovery requests, or other informal production.

Discovery in this action is likely to involve production of large volumes of documents. The Parties wish to complete discovery as expeditiously as possible, in compliance with discovery deadlines in this case, while preserving and without waiving any evidentiary protections or privileges applicable to the information that is contained in the documents produced, including as against third parties and other Federal and State proceedings. Accordingly, the Parties hereby stipulate and agree to, and the court hereby orders, pursuant to Federal Rules of Evidence 502(d) and (e), as follows:

1. The inadvertent production of any document in this action shall be without prejudice to any claim that such material is protected by any legally cognizable evidentiary privilege or other protection including, but not limited to the attorney-client privilege, the work product doctrine, trial-preparation materials, all applicable trade secret protections, all third-party privacy rights, any protections afforded to "Personal Health Information" by the Health Insurance Portability and Accountability Act of 1996 ("HIPAA"), or any other privilege that may lawfully be asserted. No party shall be held to have waived any rights by such inadvertent production.

2. The Parties agree that all productions, designations, and requests for return of protected material will be made in good faith. Accordingly, the Producing Party shall not request the return of materials it produced knowing them to be privileged. The Producing Party shall not file any motion of other pleading or action to dismiss, remove, or disqualify the Receiving Party, any attorney or other person employed by the Receiving Party, or a third-party who received, reviewed, used, or disseminated materials that the Producing Party claims are privileged prior to the

receipt of a notice that the materials are claimed to be privileged as outlined in paragraph 6.

3. Nothing in this Order prohibits a Producing Party from withholding from production any material covered by any privilege or other protection properly claimed.

4. Any Party may seek modification of this Order for good cause – including but not limited to any circumstance created or exacerbated by the terms of this Order that may result in an unreasonable burden being imposed on any party – at any time, but the provisions of this Order shall continue to be binding after the termination of this action, whether by settlement, judgment, or other disposition or conclusion and all appeals therefrom, unless otherwise ordered.  The Parties agree to promptly meet and discuss joint modification of this Order should any specific provision become overly burdensome upon implementation.

5. If a Producing Party determines that it has inadvertently produced a document(s) that is privileged or subject to the work product protection, the Producing Party shall provide written notice requesting that, within ten (10) calendar days of receipt of such notice, the Receiving Party return, sequester, delete, and/or destroy the document(s) in question.  This notice shall be served upon counsel of record and shall (a) identify the documents (i) by Bates number range and/or (ii) with information sufficient to locate the document(s) within the materials produced, after the Producing party has undertaken a good faith search and believes that not all the privileged or protected communications or information concerning the same subject matter has been identified by Bates number range; (b) identify the privilege or protection asserted; and (c) explain the basis for the invocation of the privilege or protection.

6. If any document produced by another party in this action is on its face subject to a legally recognizable privilege or evidentiary protection, the Receiving

Party, shall: (a) refrain from reading the document any more closely than is necessary to ascertain that it is privileged; (b) immediately notify the Producing Party in writing that it has discovered documents believed to be privileged or protected; (c) specifically identify the documents, including, if applicable, by Bates number range and/or hash value range, and, (d) where possible, return, sequester, or destroy all copies of such documents, along with any notes, abstracts or compilations of the content thereof, within ten (10) calendar days of discovery by the Receiving Party.  Where such documents cannot be destroyed or separated, they shall not be reviewed, disclosed, or otherwise used by the Receiving Party.  The Receiving Party, however, is under no obligation to search or review the Producing Party's documents to identify potentially privileged or work product protected documents.

7. Upon written notice of an unintentional production by the Producing Party or oral notice if such notice is delivered on the record at a deposition, the Receiving Party must promptly return, sequester, or destroy the specified document and any hard copies the Receiving Party has and may not use or disclose the information until the privilege claim has been resolved.  The Producing Party shall also provide a privilege log for such documents setting forth the author, recipient(s), subject matter of the document, along with the basis for the claim of privilege or evidentiary protection, as well as any portion of the document that does not contain privileged or protected information.  To the extent that the Producing Party insists on the return or destruction of electronic copies, rather than disabling the documents from further use or otherwise rendering them inaccessible to the Receiving Party, the Producing Party shall bear the costs of the return or destruction of such electronic copies.

8. To the extent that the information contained in a document subject to a claim has already been used in or described in other documents generated or maintained by the Receiving Party, then the Receiving Party will sequester such

documents until the claim has been resolved.  If the Receiving Party disclosed the specified documents before being notified of its inadvertent production, it must take reasonable steps to retrieve it.  The Producing Party shall preserve the specified documents until the claim is resolved.

9. The Receiving Party shall have ten (10) calendar days from receipt of notification of the inadvertent production to determine in good faith whether to contest such a claim and to notify the Producing party in writing of an objection to the claim of privilege and the grounds for that objection.

10. The Receiving Party's return, sequestering, or destruction of such privileged or protected documents as provided herein will not act as a waiver of the Receiving Party's right to move for the production of the returned, sequestered or destroyed documents on the grounds that the documents are not in fact subject to a viable claim of privilege or protection.  However, the Receiving Party is prohibited and estopped from arguing that the production of the documents in this matter constitutes a waiver of an applicable privilege or evidentiary protection, that the disclosure of the documents was not inadvertent, that the Producing Party did not take reasonable steps to prevent the disclosure of the privileged documents, or that the Producing Party failed to take reasonable steps to rectify the error as set forth in Federal Rules of Civil Procedure 26(b)(5)(B).  The Producing Party need make no showing with respect to measures taken to prevent the inadvertent production of the documents in question in order to be entitled to their return.

11. Either Party may submit the specified documents to the court under seal, subject to the Local Rules for the Central District of California, for a determination of the claim and will provide the court with the grounds for the asserted privilege or protection.  The Receiving Party may not use the documents for any purpose absent the court's order.  Any Party may request expedited treatment of any request for the court's determination of the claim.

12. Upon determination by the court that the specified documents are protected by the applicable privilege or evidentiary protection, and if the specified documents have been sequestered rather than returned or destroyed, the specified documents shall be returned or destroyed. The court may also order the identification and/or review of documents that have been identified as being potentially subject to a legally recognizable claim by search terms or other means.

13. This Stipulated "Clawback" Agreement And Presumptively Privileged Protocol Order is incorporated into but does not otherwise alter the Parties' Stipulated Protective Order as entered by the court, dated September 26, 2017 (Dkt. No. 32).

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

DATED:  April 12, 2018                              Respectfully Submitted,

| WILMERHALE LLP | LATHAM & WATKINS |
|---|---|
| Andrew E. Shipley | David J. Schindler |
| Timothy C. Perry | Kyle R. Jefcoat |
| Souvik Saha | R. Peter Durning, Jr. |
| | |
| | ERVIN COHEN & JESSUP LLP |
| | Randall S. Leff |

By   /s/ Andrew E. Shipley                         By   /s/ Randall S. Leff
    Andrew E. Shipley                                      Randall S. Leff
    Attorneys for Defendant                             Attorneys for Plaintiff
    Northrop Grumman                                   KST Data, Inc.
    Systems Corporation

## **ATTESTATION**

Pursuant to Local Rule 5-4.3.4(a)(2)(ii), I, Andrew E. Shipley, attest that all other signatories listed, and on whose behalf this filing is submitted, concur in this filing's content and have authorized such filing.

                                             By   /s/ Andrew E. Shipley
                                                  Andrew E. Shipley

FOR GOOD CAUSE SHOWN, IT IS SO ORDERED.

DATED: _____

_____
Hon. Patrick J. Walsh
United States Magistrate Judge